UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLD REPUBLIC INSURANCE              :
COMPANY                             :
                                    :
VS.                                 :     C.A. No. 1:23-cv-00491
                                    :
CHRISTOPHER WALKER,                 :
IHI POWER SERVICES CORP., and       :
MASS. ELECTRIC CONSTRUCTION CO.     :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, OLD REPUBLIC INSURANCE COMPANY on behalf of Old Republic Risk

Management, Inc. ("Old Republic"), for its Declaratory Judgment Complaint against Defendants,

CHRISTOPHER WALKER, IHI POWER SERVICES CORP., and MASS. ELECTRIC

CONSTRUCTION CO., alleges as follows:

### Nature of the Action

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

2. Old Republic seeks a declaration as to its defense and indemnity obligations with respect
   to a matter presently pending in the United States District Court for the District of Rhode
   Island entitled *Christopher Walker v. IHI Power Services Corp., et al*, C.A. No. 1:23-cv-
   00057.

3. A true and accurate coy of the operative complaint filed in the matter presently pending
   in the United States District Court for the District of Rhode Island, as entitled in ¶ 2, is
   appended hereto as **Exhibit 1** (hereinafter referred to as "the Complaint") and
   incorporated by reference in its entirety.

4. Old Republic seeks a declaration that there is no defense or indemnity coverage of IHI
   Power Services Corp. ("IHI") pursuant to an additional insured endorsement under a
   Policy, policy number MWZY 312911 22, issued to Peter Kiewit Sons', Inc., 1550 Mike

1

Fahey Street, Omaha, Nebraska 68102, for the policy period effective March 1, 2022, to March 1, 2023. Mass. Electric Construction Co. ("MECC") is listed under the Broad Form Named Insured Endorsement (Form GL 765 007 0319) as a Named Insured.

## Jurisdiction and Venue

5.  Old Republic is a foreign corporation authorized to do business within the State of Rhode Island.

6.  Upon information and belief, Defendant Christopher Walker (hereinafter referred to as "Walker") is a resident of Bristol, Rhode Island.

7.  Upon information and belief, Defendant IHI is a Delaware corporation with its principal place of business in the State of California that is authorized to do business within the State of Rhode Island.

8.  Upon information and belief, Defendant MECC is a Delaware corporation with its principal place of business located in Nebraska that is authorized to do business within the State of Rhode Island.

9.  Upon information and belief, the amount in controversy exceeds $75,000.00.

10. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that Old Republic and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

11. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants either reside in this judicial district or are authorized to do business within this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## The Policy

12. Old Republic issued the Policy, policy number MWZY 312911 22, to Peter Kiewit Sons', Inc., 1550 Mike Fahey Street, Omaha, Nebraska 68102, for the policy period effective March 1, 2022, to March 1, 2023 (hereinafter referred to as "the Policy"). Massachusetts Electric Construction Co. ("MECC") is listed under the Broad Form Named Insured Endorsement (Form GL 765 007 0319) as a Named Insured.

13. Old Republic expressly reserves its right to rely on the Policy in its entirety in seeking declaratory judgment that there was/is no duty to defend and/or indemnify IHI under the additional insured endorsement. Old Republic further expressly reserves the right to modify and amend this Complaint for Declaratory Judgment.

## The Complaint

14. On or about February 7, 2023, Walker instituted the Complaint against IHI in the United States District Court for the District of Rhode Island.

15. The Complaint alleges that IHI entered into a contract with the owners of Manchester Street Power Station ("MSPS") that established IHI as the entity responsible for and in control of all management, operation, maintenance, and safety at the MSPS.

16. The Complaint alleges that, at all relevant times, IHI was managing, operating, and maintaining the MSPS, and IHI retained control and authority over the MSPS, including but not limited to all safety aspects of the electrical work being performed at the MSPS.

17. The Complaint alleges that IHI entered into a "Purchase Order" contract with MECC to purchase the subcontracting services of MECC for electrical shop support at the MSPS.

18. The Complaint alleges that on April 21, 2022, Walker was employed by MECC to perform maintenance work at the MSPS on the Unit 10 Steam Turbine Generator ("Unit 10 STG").

19. The Complaint alleges that, while working on the Unit 10 STG, Walker was catastrophically injured and received an electric shock when the Unit 10 STG became live with an electrical current.

20. The Complaint alleges that, at all times mentioned, Walker was exercising due care and caution for his safety and the safety of others.

21. The Complaint alleges that IHI did the following: utilized improper and negligent lockout/tagout procedures with regard to the work performed; utilized improper grounding such that grounding set by IHI enabled Unit 10 STG to have a live current of electricity; negligently violated its own policies and procedures to protect the safety of all person reasonably expected to be on the premises; and negligently did not properly train and supervise its employees working at the MSPS to ensure critical safety features were performed and performed correctly.

22. The Complaint alleges the following seven (7) counts against IHI: (1) common law negligence under the doctrine of Respondeat Superior; (2) corporate negligence; (3) negligent hiring, supervision, and assignment; (4) premises liability; (5) duty assumed pursuant to contract; (6) negligent undertaking; and (7) common law negligence.

### First Count – Declaratory Judgment – No Duty to Defend

23. Old Republic incorporates paragraphs 1 – 22 as if fully set forth herein.

24. The initial grant of additional insured coverage under the Policy expressly and unambiguously provides, in relevant part, as follows:

    **A. Section II – Who Is An Insured** is amended to include as an additional insured:

        **1.** Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or

agreement that such person or organization be added as an additional insured on your policy; and

2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** Above.

25. The Policy expressly and unambiguously conditions additional insured coverage for bodily injuries on a causal connection between the bodily injury and MECC's actions, as follows:

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

a. Your acts or omissions; or

b. The acts or omissions of those acting on your behalf;

in the performance of ongoing operations for the additional insured described in Paragraph **1.** or **2.** above.

26. The Complaint fails to trigger coverage under the insuring agreement because it does not allege any causal connection between the acts and/or omissions of MECC and Walker's injuries.

27. Old Republic is entitled to a declaration hat it does not have a duty to defend IHI with respect to the Complaint under the Policy.

<u>**Second Count – Declaratory Judgment –**</u>
<u>**No Duty to Indemnify**</u>

28. Old Republic incorporates paragraphs 1 – 27 as if fully set forth herein.

29. Old Republic is entitled to a declaration that it does not have a duty to indemnify IHI with respect to the Complaint under the Policy.

WHEREFORE, the Plaintiff, Old Republic, respectfully requests a judgment against the Defendants as follows:

A. Declaring that the Policy issued by Old Republic to MECC excludes coverage to IHI for the matters or things set forth in the Complaint for the matter presently pending in the United States District Court for the District of Rhode Island entitled *Christopher Walker v. IHI Power Services Corp., et al*, C.A. No. 1:23-cv-00057;

B. Declaring that Old Republic is not obligated to indemnify IHI under the Policy as to the allegations contained in the Complaint;

C. Declaring that Old Republic is not obligated to defend IHI under the Policy as to allegations contained in the Complaint;

D. Awarding Old Republic its attorneys' fees and costs in this action; and

E. Awarding such other and further relief allowed by law and/or equity as the Court deems just and proper.

Old Republic Insurance Company
By its Attorneys,
BENGTSON & JESTINGS, LLP

*/s/ C. Russell Bengtson*
C. RUSSELL BENGTSON #1233
TAYLOR K. WOEHL #10598
40 Westminster Street, Suite 300
Providence, RI 02903
Tel: (401) 331 – 7272
Fax: (401) 331 – 4404
rbengtson@benjestlaw.com
twoehl@benjestlaw.com

Dated: November 21, 2023